# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BERLIN PACKAGING, LLC, a Delaware limited liability company, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 12-cv-6862 |
| EDWARD L. MCBAIN, a resident and citizen of Arizona, and SUSAN MCBAIN, a resident and citizen of Arizona, | ) ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Berlin Packaging LLC ("Berlin") sued defendants Edward L. McBain and Susan McBain (collectively the "McBains") for breach of guaranty. Defendants move for dismissal based on lack of personal jurisdiction and improper venue. For the foregoing reasons, defendants' motion to dismiss is granted.

**Background**

Berlin, a limited liability company organized under the laws of Delaware, is a citizen of Delaware, New York, and Illinois. Berlin supplies rigid packaging, including glass, metal, and plastic containers and closures. Berlin's corporate headquarters, including its Corporate Credit and Collections Department, is located in Illinois. All-Pak, Inc. ("All-Pak") is a nonparty Pennsylvania company. In early 2010, Berlin acquired All-Pak and became its successor-in-interest.

Prior to its acquisition, All-Pak entered into purchase orders with another nonparty to this instant action, Mountain Green of Arizona, LLC ("Mountain Green"). The McBains, individual residents and citizens of Arizona, are principals of Mountain Green. Around July 22, 2009, All-Pak obtained a guaranty by the McBains to personally guarantee the payment of the purchase price of all goods produced, sold, or shipped by All-Pak to Mountain Green. The guaranty was signed by the McBains in Arizona and effective as of July 22, 2009, until expressly revoked by the defendants. The McBains never revoked the guaranty.

Up until 2010, Mountain Green conducted business with All-Pak. Following Berlin's acquisition of All-Pak, Berlin attempted to obtain a guaranty from the McBains specifically guaranteeing all purchases between Berlin and Mountain Green. The McBains, however, refused to enter into such a guaranty even though Mountain Green began to purchase products from Berlin following its acquisition of All-Pak. Mountain Green placed orders with Berlin's offices in Arizona, Utah, and Pennsylvania between September 29, 2011 and December 30, 2011 and failed to make several payments due. Berlin created invoices detailing the past due amounts at its Corporate Credit and Collections Department located in Chicago. Payments of the past due invoices were to be made to a bank lockbox located in Chicago.

**Legal Standard**[1]

To withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff has the burden of demonstrating the existence of personal jurisdiction. *Archway Realty Corp. v. Kentwood Mich. Realty*, LLC, 2009 U.S. Dist. LEXIS 110881, 3-5 (N.D. Ill. Nov. 24, 2009). The Court may look beyond the complaint and consider written submissions when determining the existence of personal jurisdiction, *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 781–82 (7th Cir. 2003). Upon receipt of written submissions, the plaintiff has the burden of making a *prima facie* showing of personal jurisdiction, *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 536 F.3d 757, 760 (7th Cir. 2008). Furthermore, all conflicts of relevant facts in the record are resolved in the plaintiff's favor. *Id.* (citing *RAR, Inc. v. Turner Diesel*, 107 F.3d 1272, 1275 (7th Cir. 1997).

**Discussion**

In a diversity action, this Court has personal jurisdiction only if an Illinois court would have personal jurisdiction. *Allied Van Lines, Inc. v. Edwards Movers, Inc.*, No. 08 C 3186, 2009 U.S. Dist. LEXIS 47908, at *4 (N.D. Ill. June 3, 2009). Exercise of jurisdiction over a defendant must comport with: (1) state statutory law; (2) state constitutional law; and (3) federal constitutional law. *Id*. The Illinois long-arm statute authorizes personal jurisdiction to the limit allowed under the due process clauses of the Illinois and United States Constitutions, *see* 735

---

[1] Defendants cite two bases for their motion to dismiss, Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and 12(b)(3) for improper venue. Finding that plaintiff's complaint is properly dismissed for lack of personal jurisdiction, this Court does not address defendants' venue related arguments.

ILCS 5/2-209(c). Therefore, in Illinois, the question of personal jurisdiction is reduced to whether the exercise of such jurisdiction would be consistent with the state and federal constitutions. *Id*. The Seventh Circuit has found that "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002). Accordingly, this analysis is further reduced to the question of whether the exercise of personal jurisdiction is contrary to the United States Constitution. *Id*.

Under the due process clause of the Fourteenth Amendment, a defendant is subject to personal jurisdiction in a particular state only if the defendant had "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443-444 (7th Cir. 2010) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction may be either general or specific, depending on the extent of the defendant's contacts. *Mobile,* 623 F.3d at 443-444 (7th Cir. 2010). Berlin does not assert, and the evidence does not support, a claim of general jurisdiction over Berlin in Illinois. Therefore, Berlin must show that Illinois can exercise specific jurisdiction over the McBains for breach of guaranty.

Specific personal jurisdiction is appropriate when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities. The standard for establishing specific personal jurisdiction may be condensed into three essential requirements: "(1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012).

Berlin argues that jurisdiction here is proper because the McBains have purposefully directed activities towards Illinois, have transacted with Berlin in Illinois since 2010, and have made a payment to Berlin in Illinois. The McBains argue that jurisdiction is improper because they did not directly contract with Berlin and even if they did, merely contracting with an Illinois entity does not subject them to jurisdiction in Illinois. The McBains also argue that even if

Mountain Green sent payments to Illinois, that fact alone would not create jurisdiction over the defendants in Illinois.

Outside of the fact that Berlin's collection department, which created the invoices due by Mountain Green to Berlin is located in Illinois and the fact that Susan McBain emailed a Berlin representative to inform Berlin that a Mountain Green check had been mailed to Chicago, Berlin proffers no further facts indicating that the McBains have, personally or individually, purposefully directed activities towards Illinois. The guaranty itself between the McBains and All-Pak has no relationship with Illinois. The guaranty and dealings between Mountain Green and All-Pak arose from discussions held in Arizona and Pennsylvania. The guaranty was not executed in or delivered to Illinois, does not specify an Illinois location to which payment under the guaranty would be sent, nor does it contain an Illinois choice of law provision. *See generally M.S. Distrib. Co. v. Web Records, Inc.*, No. 00 C 1436, 2000 U.S. Dist. LEXIS 18885 (N.D. Ill. Dec. 19, 2000) (personal jurisdiction found over guarantor where the guaranty had an Illinois choice of law provision and specified payments be sent to Illinois). After Berlin acquired All-Pak, it solicited the McBains in their individual capacities for a new guaranty between the McBains and Berlin specifically to cover Mountain Green's dealings with Berlin. The McBains declined Berlin's request. No jurisdictional facts favor finding that the McBains purposefully directed activities to Illinois in the negotiation or execution of the guaranty.

Assuming that the McBains are somehow liable to Berlin, as All-Pak's successor-in-interest, under the terms of their guaranty with All-Pak, Berlin still fails to demonstrate the requisite minimum contacts. Cases in which personal jurisdiction has been exercised over nonresident guarantors have generally involved additional contacts more substantial than the fact that payment would be sent to Illinois in the event of default. *Compare MAC Funding Corp. v. Ne. Impressions, Inc.*, 215 F. Supp. 2d 978, 981–82 (N.D. Ill. 2002) (the mere fact that payment was to be sent to the plaintiff's office in Illinois was not a contact sufficient to support exercise of personal jurisdiction over guarantor), *with M.S. Distrib.*, 2000 U.S. Dist. LEXIS 18885 (N.D. Ill. Dec. 19, 2000) (personal jurisdiction exercised over nonresident guarantor required to make payments to Illinois where the agreement also contained an Illinois choice of law clause and was negotiated in Illinois). Moreover, the Seventh Circuit has found that an express Illinois choice of law provision in a contract directly requiring and causing payments to be made by mail to an Illinois office for two years was insufficient to establish minimum contacts with Illinois. *Telco*

*Leasing, Inc. v. Marshall Cnty. Hosp.*, 586 F.2d 49, 51–52 (7th Cir. 1978); *see also MLP U.S.A., Inc. v. Goldan Image Graphics*, No. 03 C 8788, 2004 WL 887381, at *2 (N.D. Ill. Apr. 26, 2004) (applying *Telco*). Accordingly, Berlin has failed to make a *prima facie* showing that jurisdiction is proper here.

**Conclusion**

Defendants' motion to dismiss plaintiff's complaint for lack of personal jurisdiction is granted.

IT IS SO ORDERED.

_____
Date: January 15, 2013

Sharon Johnson Coleman
U.S. District Court Judge